120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario ANTONIO-LUCAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70863.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997**
July 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mario Antonio-Lucas, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Antonio-Lucas contends that substantial evidence does not support either the adverse credibility determinations of the IJ and the BIA, or the IJ's alternative determination that even if the testimony were credible, Antonio-Lucas was ineligible for asylum and withholding of deportation. This contention lacks merit.
 
 
 4
 We review the denial of asylum for abuse of discretion, see Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995), and review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard, see Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). "To the extent that the BIA incorporates the IJ's decision as its own, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir.1996) (citing Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995)). We will reverse a denial of asylum only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 5
 To establish a well-founded fear of future persecution based upon one of the statutory grounds, Antonio-Lucas must show both a genuine subjective fear and an objectively reasonable fear. See 8 U.S.C. § 1101(a)(42)(A); Acewicz, 984 F.2d at 1061. Because he is seeking asylum on the basis of political opinion, Antonio-Lucas "must present some evidence, direct or circumstantial," that the persecution he fears will be on account of that political opinion. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (citing Elias-Zacarias, 502 U.S. at 483).
 
 
 6
 Antonio-Lucas claimed to fear retaliation by the Guatemalan military based upon his refusal to serve in the civil patrol. He testified that he expressly opposed recruitment efforts because he was not yet 18, the legal age for military service in Guatemala. Antonio-Lucas feared he would suffer harm if he returned to Guatemala because the military may perceive his absence either as alignment with the guerillas or as anti-government sentiment.
 
 
 7
 Even if we accept Antonio-Lucas's factual assertions as credible, substantial evidence supports the IJ's denial of asylum. See Elias-Zacarias, 502 U.S. at 481. Antonio-Lucas has not demonstrated that his resistance to military service was on account of a political opinion he holds, rather than his reluctance to serve. See Canas-Segovia, 970 F.2d at 601. Nor has he shown that the recruitment efforts were motivated by any purpose other than to fill the ranks of the civil patrol. See Elias-Zacarias, 502 U.S. at 492; Canas-Segovia, 970 F.2d at 601 (requiring that victim "show that the persecutor had a protected basis ... in mind in undertaking the persecution"); Rodriguez-Rivera v. INS, 848 F.2d 998, 1005 (9th Cir.1988) (per curiam) (holding that government's efforts to recruit alien into the military does not constitute political persecution). Furthermore, Antonio-Lucas has not produced evidence that the authorities would be interested in him for any other reason than that he had failed to perform military service. See Elias-Zacarias, 502 U.S. at 483; Canas-Segovia, 970 F.2d at 601. Given these circumstances, we deny the petition for review because the evidence presented was not so compelling that no reasonable factfinder could fail to find the requisite fear of persecution on account of political opinion. See Elias-Zacarias, 502 U.S. at 483-84.
 
 
 8
 Because Antonio-Lucas failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3